Curia, per

Fíiost, J.
The objections presented in the 1st and 3d grounds were proper to the trial of the case and were then waived by the plaintiff’s attorney; and all the others except the 2d. are obviated by the report. The 2d ground is because the Judge rejected the declarations of Brock offered by the plaintiff in reply to proof of such declarations offered by the defendant It appears that reports unfavorable to the plaintiff’s reputation, connected with the charge of having concealed cotton in his shuck house, were in circulation, which probably originated with Brock. The declarations of Brock, offered by the plaintiff, were excluded, on the ground that they were mad^ after the commencement of the action, and could have had no influence on the motives or conduct of the defendant, in speaking the slanderous words, and Were therefore immaterial; and upon the further ground, that Brock was present in court, and might have been examined. In the reason first assigned it is assumed that the declarations of Brock were material to the defence, in mitigation *638 of damages, only by shewing ground for suspicion, by the defendant, that the plaintiff had been guilty of the act charged in the slander; and thereby exempting him from the aggravation of having originated the calumny. In this view the reason assigned was conclusive. But the declarations of Brock, as connected with the reports against the plaintiffj were also material to the defendant, and to the plaintiff, by affecting the plaintiff’s character, and by shewing he was not above suspicion. In Buford vs. McCluny, N. and McC. 268, it was decided that any facts or circumstances tending to shew probable ground of suspicion that the plaintiff in an action of slander had been guilty of the act imputed to him by the defendant, are admissible to mitigate damages, by detracting from the plaintiff’s character. Brock’s declarations, therefore, made at any time, were material to the issue, either by confirming, contradicting or qualifying his former declaration, and it was competent for the plaintiff in reply to counteract the effect of them, as brought out by the defendant.
But it is argued that Brock’s declarations were inadmissible, and could have been offered by the defendant only by plaintiff’s waiving the objection ; and because plaintiff admitted improper evidence, by consent, he cannot claim to offer improper evidence. It may be conceded that the general proposition is true, and that Brock’s declarations were not admissible, and the concession will not vary this case, in which the question is confined to the right of either party to offer evidence in reply, which is material to the issue, and tends to counteract the effect of evidence offered by the other party. If one admits, without objection, an incompetent witness to be examined by the other party, he is not precluded from cross-examining the witness and contradicting his proof by other witnesses. If the contents of a written instrument are given in evidence by one party, interested in it, without producing the instrument, he cannot exclude evidence in reply, on the ground that the instrument is not produced. And so if one offers the declarations of a witness, instead of producing him, proof of other declarations of the same witness may be offered by the other party, either by cross-examination or by witnesses. The defendant had the benefit of Brock’s *639 declarations, affecting the plaintiff’s character, and justice requires that the whole extent and effect of such declarations should appear. When the plaintiff waived the objection to Brock’s declarations, offered by the defendant, they were subject to reply in evidence, in the same manner as if legally admissible, and the plaintiff should have been permitted to produce proof of his declarations made at any time. That Brock was present in court cannot affect the question. The admissibility of hearsay evidence is not controlled by the presence or absence of a witness within the process and jurisdiction of the court. On the 2d ground the court is constrained to grant a new trial, though it is not perceived that Brock’s declarations would have varied the result of the case, which was fairly and fully submitted to the jury. Motion granted.
O’Neall, Evans and Wardlaw, JJ. concurred.
Judge Richardson absent from indisposition.